FILED
APR 30 2019
Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ZENOBE RANDALL HART,                )
                                    )
        Plaintiff,                  )
                                    )
v.                                  )   Civil Action No. 1:19-cv-00584 (UNA)
                                    )
                                    )
SYLVIA WIGGINS,                     )
                                    )
        Defendant.                  )

## MEMORANDUM OPINION

This matter is before the Court on its initial review of plaintiff's *pro se* complaint and application for leave to proceed *in forma pauperis*. The Court will grant the *in forma pauperis* application and dismiss the case because the complaint fails to meet the minimal pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure.

*Pro se* litigants must comply with the Federal Rules of Civil Procedure. *Jarrell v. Tisch*, 656 F. Supp. 237, 239 (D.D.C. 1987). Rule 8(a) of the Federal Rules of Civil Procedure requires complaints to contain "(1) a short and plain statement of the grounds for the court's jurisdiction [and] (2) a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009); *Ciralsky v. CIA*, 355 F.3d 661, 668–71 (D.C. Cir. 2004). The Rule 8 standard ensures that defendants receive fair notice of the claim being asserted so that they can prepare a responsive answer and an adequate defense and determine whether the doctrine of *res judicata* applies. *Brown v. Califano*, 75 F.R.D. 497, 498 (D.D.C. 1977). "A confused and rambling narrative of charges and conclusions . . . does not comply with the requirements of Rule 8." *Cheeks v. Fort Myer Constr. Corp.*, 71 F. Supp. 3d 163, 169 (D.D.C. 2014) (citation and internal quotation marks omitted).

Plaintiff, a resident of Farmville, Virginia, sues a single defendant, namely, Sylvia Wiggins, a resident of Raleigh, North Carolina. The complaint is far from a model in clarity, however, plaintiff seems to allege that defendant sexually harassed her at work. The complaint goes on, however, to discuss other unconnected and incomprehensible allegations relating to "stalking," stolen "intellectual property," and child neglect. As relief, plaintiff vaguely requests "judiciary restraint . . . against Sylvia Wiggins and Helping Hand employees[,] as well as [her] family members[.]"

The ill-defined and disjointed allegations comprising the complaint fail to provide adequate notice of a claim. Plaintiff also fails to identify a basis for this Court's jurisdiction, venue, or her right to entitlement to relief. As drafted, the complaint fails to meet the minimum pleading standard set forth in Rule 8(a). Therefore, the Court will grant plaintiff's application to proceed *in forma pauperis* and will dismiss the complaint. An Order consistent with this Memorandum Opinion is issued separately.

Date: April 25, 2019

United States District Judge